**DOLL AMIR & ELEY LLP**
HUNTER R. ELEY (SBN 224321)
heley@dollamir.com
CHELSEA L. DIAZ (SBN 271859)
cdiaz@dollamir.com
1888 Century Park East, Suite 1850
Los Angeles, California 90067
Tel: 310.557.9100
Fax: 310.557.9101

Attorneys for Defendant,
CAPITAL ONE BANK (USA), N.A.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK LOFLIN,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>　　　　　Defendant. | Case No. 1:18-CV-00584-DAD-EPG<br>*Judge Dale A. Drozd*<br>*Magistrate Judge Erica P. Grosjean*<br><br>**DEFENDANT CAPITAL ONE BANK (USA), N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed:　April 27, 2018 |

Defendant Capital One Bank (USA), N.A., ("Capital One"), now answers the Complaint filed by plaintiff Derek Loflin ("Plaintiff") as follows:

Except as expressly admitted or qualified below, Capital One denies each and every allegation of the Complaint.

## INTRODUCTION

1. Answering paragraph 1, Capital One admits that it attempted to reach Plaintiff by telephone, at a telephone number he provided when he applied for his Capital One credit card. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegation that such telephone number corresponds to a cellular telephone owned or regularly used by Plaintiff. Capital One admits that Plaintiff alleges claims based on the Telephone Consumer Protection Act ("TCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Capital One denies it violated the TCPA and denies it violated the RFDCPA. Capital One denies any remaining allegations set forth in paragraph 1.

## JURISDICTION AND VENUE

2. Answer paragraph 2, Capital One admits that jurisdiction in this Court is proper, except that Capital One denies that Plaintiff has Article III standing under the United States Constitution. Capital One denies any remaining allegations set forth in paragraph 2.

3. Answering paragraph 3, Capital One admits that venue in this Court is proper. Capital One is without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff resides within this District and therefore denies the allegations. Capital One denies any remaining allegations set forth in paragraph 3.

## PARTIES

4. Answering paragraph 4, Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint and therefore denies them.

DEFENDANT CAPITAL ONE BANK (USA), N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

5. Answering paragraph 5, Capital One admits that it is a national banking association that does business in the State of California with a principal place of business located in Virginia. Capital One denies the remaining allegations set forth in paragraph 5 of the Complaint.

6. Answering paragraph 6, Capital One denies the allegations.

## FACTUAL ALLEGATIONS

7. Answering paragraph 7, Capital One denies that 47 U.S.C. § 153(10) defines "person" and therefore denies the allegations in paragraph 7.

8. Answering paragraph 8, Capital One admits that it attempted to reach Plaintiff by telephone to make payment arrangements on his past-due Capital One account. Capital One denies any remaining allegations set forth in paragraph 8.

9. Answering paragraph 9, Capital One admits that it attempted to reach Plaintiff at the telephone number alleged, (559) 359-32XX, a number he provided when he applied for his Capital One credit card, to make payment arrangements on his past-due Capital One account.  Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegation that such telephone number corresponds to a cellular telephone owned or regularly used by Plaintiff.  Capital One denies any remaining allegations set forth in paragraph 9.

10. Answering paragraph 10, Capital One admits that (800) 955-6600 is a number assigned to it. Capital One is unable to determine what number may have appeared on Plaintiff's caller identification and denies any remaining allegations set forth in paragraph 10 of the Complaint.

11. Answering paragraph 11, the allegations set forth in paragraph 11 of the Complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, Capital One denies the allegations.

12. Answering paragraph 12, the allegations set forth in paragraph 12 of the Complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, Capital One denies the allegations.

DEFENDANT CAPITAL ONE BANK (USA), N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

13. Answering paragraph 13, Capital One admits that calls made to set up payment arrangements on Plaintiff's past-due Capital One credit card account were not made for emergency purposes, but Capital One denies that 47 U.S.C. § 227(b)(1)(A) defines "emergency purposes."

14. Answering paragraph 14, Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

15. Answering paragraph 15, Capital One denies the allegations.

16. Answering paragraph 16, Capital One admits that Plaintiff called into Capital One and that recording speaks for itself. Capital One denies allegations inconsistent with the recording. Capital One lacks sufficient knowledge or information to form a belief as to what telephone number Plaintiff called in to Capital One and therefore denies the allegations. Capital One lacks sufficient knowledge or information to form a belief as to whether the telephone number alleged corresponds to a cellular phone number owned or regularly used by Plaintiff and therefore denies the allegation. Capital One continues to research the truth of the allegations set forth in Paragraph 16 of the Complaint and therefore denies them.

17. Answering paragraph 17, Capital One admits that Plaintiff called into Capital One and that recording speaks for itself. Capital One lacks sufficient knowledge or information to form a belief as to whether the telephone number alleged corresponds to a cellular phone number owned or regularly used by Plaintiff and therefore denies the allegation. Capital One continues to research the truth of the allegations set forth in Paragraph 17 of the Complaint and therefore denies them.

18. Answering paragraph 18, Capital One denies the allegation.

19. Answering paragraph 19, Capital One admits that it placed a call to Plaintiff on June 30, 2017. Capital One denies its call violated the law. Capital One continues to research the truth of the remaining allegations set forth in paragraph 19 of the Complaint and therefore denies the allegations.

20. Answering paragraph 20, Capital One denies the allegations.

21. Answering paragraph 21, Capital One denies the allegations.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227

22. Answering paragraph 22, Capital One repeats and incorporates by reference into this cause of action the allegations set forth above at paragraphs 1-21.

23. Answering paragraph 23, Capital One denies the allegations.

24. Answering paragraph 24, Capital One denies the allegations. Capital One further denies that Plaintiff is entitled to the relief sought in paragraph 24 of the Complaint.

25. Answering paragraph 25, Capital One denies the allegations. Capital One further denies that Plaintiff is entitled to the relief sought in paragraph 25 of the Complaint.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.*

26. Answering paragraph 26, Capital One repeats and incorporates by reference into this answer its responses to the allegations set forth above at paragraphs 1-21.

27. Answering paragraph 27, Capital One denies the allegations.

28. Answering paragraph 28, Capital One denies the allegations. Capital One further denies that Plaintiff is entitled to the relief sought in paragraph 28 of the Complaint.

29. Answering paragraph 29, Capital One denies the allegations. Capital One further denies that Plaintiff is entitled to the relief sought in paragraph 29 of the Complaint.

///

///

## THIRD CAUSE OF ACTION
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT,
## CA CIV CODE § 1788.17

30. Answering paragraph 30, Capital One repeats and incorporates by reference into this answer its responses to the allegations set forth above at paragraphs 1-29.

31. Answering paragraph 31, including subpart (a), Capital One denies the allegations.

## PRAYER FOR RELIEF

Capital One denies that Plaintiff is entitled to the relief sought in the WHEREFORE paragraph.

## FIRST CAUSE OF ACTION

32. Answering paragraph 32, Capital One denies the allegations. Capital One further denies that Plaintiff is entitled to the relief sought in paragraph 32.

33. Answering paragraph 33, Capital One denies that Plaintiff is entitled to the relief sought in paragraph 33.

## SECOND CAUSE OF ACTION

34. Answering paragraph 34, Capital One denies the allegations. Capital One further denies that Plaintiff is entitled to the relief sought in paragraph 34.

35. Answering paragraph 35, Capital One denies that Plaintiff is entitled to the relief sought in paragraph 35.

## THIRD CAUSE OF ACTION

36. Answering paragraph 36, Capital One denies the allegations. Capital One further denies that Plaintiff is entitled to the relief sought in paragraph 36.

37. Answering paragraph 37, Capital One denies that Plaintiff is entitled to the relief sought in paragraph 37.

38. Answering paragraph 38, Capital One denies that Plaintiff is entitled to the relief sought in paragraph 38.

39. Answering paragraph 39, Capital One denies that Plaintiff is entitled to the relief sought in paragraph 39.

## ON ALL CAUSES OF ACTION

40. Answering paragraph 40, Capital One denies that Plaintiff is entitled to the relief sought in paragraph 40.

41. Answering paragraph 41, Capital One denies that Plaintiff is entitled to the relief sought in paragraph 41.

42. Answering paragraph 42, Capital One denies that Plaintiff is entitled to the relief sought in paragraph 42.

## JURY TRIAL DEMAND

43. Answering paragraph 43, Capital One admits only that Plaintiff requests a trial by jury.

## AFFIRMATIVE DEFENSES

NOW WHEREFORE, having answered the Complaint, Capital One asserts the following affirmative defenses:

### First Affirmative Defense: Consent

1. The TCPA does not prohibit calls made using an automatic telephone dialing system or using an artificial or pre-recorded voice where the called party has given his consent.

2. A creditor can establish consent by demonstrating that the called party provided the cellular telephone number directly to the creditor in connection with the particular debt.

3. To the extent Capital One has received consent to place calls to Plaintiff through customer agreements, written or verbal statements, or otherwise, his claims are barred.

### Second Affirmative Defense: Constitutionality of Statutory Damages

4. Capital One incorporates by reference the foregoing allegations in its Affirmative Defenses.

5. The TCPA provides for statutory damages of $500 to $1,500 for each violation of the law.

6. When directed at telephone calls, statutory damages under the TCPA could quickly rise to thousands of dollars of damages for alleged actions that caused little or no actual damage to Plaintiff.

7. Statutory damages would constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

**Third Affirmative Defense: Offset**

8. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

9. Plaintiff may have accounts with Capital One upon which he owes.

10. Any amount sought to be recovered in this action is barred in whole or in part by the amount owing from Plaintiff to Capital One.

**Fourth Affirmative Defense: Lack of Standing**

11. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

12. To establish standing, Plaintiff must show a concrete and particularized invasion of a legally protected interest and that Plaintiff is in the zone of interests the TCPA is intended to protect.

13. To the extent Plaintiff has not paid money, lost title to goods or value, suffered any other concrete or particularized harm, and is not in the zone of interests protected by the TCPA as the result of the conduct alleged, Plaintiff lacks standing.

**Fifth Affirmative Defense: Unintentional Violation**

14. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

15. Capital One has implemented procedures to prevent violations of law.

16. If any violation of law occurred, which Capital One expressly denies, the

DOLL AMIR & ELEY LLP

violation was not intentional.

17. If any violation of law occurred, it resulted from a *bona fide* error for which there can be no civil liability.

### Sixth Affirmative Defense: Failure to Mitigate

18. Capital One incorporates by reference the foregoing allegations of its Affirmative defenses.

19. Plaintiff failed to mitigate his damages, if any.

### Seventh Affirmative Defense: Plaintiff's Own Conduct

20. Capital One incorporates by reference the foregoing allegations of its Affirmative defenses.

21. Damages or injuries, if any, suffered by Plaintiff are attributable to Plaintiff's own conduct, deeds, acts, words and omissions, and not to any conduct, deeds, acts, words or omissions of Capital One.

### Eighth Affirmative Defense: No Malice, Intent or Ill Will

22. Capital One incorporates by reference the foregoing allegations of its Affirmative defenses.

23. Capital One alleges that the alleged actions of Capital One were not accompanied by actual malice, intent or ill will.

### Ninth Affirmative Defense: No Proximate Cause

24. Capital One incorporates by reference the foregoing allegations of its Affirmative defenses.

25. Without waiver of any of the denials contained herein, Capital One asserts that if Plaintiff sustained any damages, which Capital One denies, such damages were proximately caused by the acts or omissions of other persons, firms, or corporations.

### Reservation of Rights

26. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

27. Capital One presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet, unstated affirmative defenses available. Capital One expressly reserves the right to allege and assert any additional and/or further defenses as may be appropriate as this action proceeds.

WHEREFORE, Capital One respectfully requests that the Court:

a. Dismiss all of Plaintiff's claims against Capital One with prejudice and on the merits;

b. Award Capital One all costs, disbursements, and reasonable attorney fees allowed by law; and

c. Grant Capital One any such further relief to which it may be entitled.

DATED: July 31, 2018         **DOLL AMIR & ELEY LLP**

By: /s/ *Hunter R. Eley* .
    Hunter R. Eley
    Attorneys for Defendant
    CAPITAL ONE BANK (USA), N.A.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1888 Century Park East, Suite 1850, Los Angeles, California 90067.

On July 31, 2018, I served the foregoing document described as **DEFENDANT CAPITAL ONE BANK (USA), N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1888 Century Park East, Suite 1850, Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE MACHINE:** I transmitted a true copy of said document(s) by facsimile machine, and no error was reported. Said fax transmission(s) were directed as indicated on the service list.

☐ **BY OVERNIGHT DELIVERY:** I caused such documents to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressees. The envelope or package was deposited with delivery fees thereon fully prepaid.

☐ **BY ELECTRONIC MAIL:** I transmitted a true copy of said document(s) via electronic mail, and no error was reported. Said email was directed as indicated on the service list.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒ **BY CM/ECF:** I electronically transmitted a true copy of said document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the aforementioned CM/ECF registrants.

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 31, 2018, at Los Angeles, California.

*/s/ Genevieve Fenster*
Genevieve Fenster

SERVICE LIST

| | |
|---|---|
| Alyson J. Dykes, Esq.<br>The Law Offices of Jeffrey Lohman, P.C.<br>4740 Green River Rd., Suite 206<br>Corona, CA 92880 | Tel: (866) 329-9217 ext. 1007<br>Email: AlysonD@jlohman.com<br><br>*Attorneys for Plaintiff, Derek Loflin* |